IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KARMIN BENITO DEARING,

                Plaintiff,

    v.

COLUMBIA CORRECTIONAL INSTITUTION
WARDEN SUE NOVAK, DEPUTY WARDEN
LUKE WEBER, SECURITY DIRECTOR BRIAN
GUSTKE, CAPTAIN KEVIN BOODRY, and CO
BUYA JAMA,

                Defendants.

OPINION and ORDER

23-cv-112-wmc[1]

---

Pro se plaintiff Karmin Dearing previously was incarcerated at Columbia Correctional Institution. He contends that in 2020 Columbia officials allowed a prisoner to escape and then erroneously disclosed his name as the escapee, defaming him and subjecting him to harassment in prison. Because Dearing is proceeding in forma pauperis, I must screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. When screening a pro se litigant's complaint, I construe the complaint generously, accepting the allegations as true and holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

---

[1] I am exercising jurisdiction over these cases for purposes of screening only.

I will dismiss this case without prejudice on preclusion grounds. I will also deny Dearing's motion for summary judgment, Dkt. 10, as moot.

ANALYSIS

Dearing pursued this same lawsuit in this court in 2020, which was dismissed for lack of subject matter jurisdiction. *Dearing v. 15 News*, No. 20-cv-497-wmc, Dkt. 12 (W.D. Wis. filed May 29, 2020). The court determined that (1) Dearing's claims did not arise under federal law, and (2) it could not exercise diversity jurisdiction over Dearing's state-law claims because Dearing and all defendants were citizens of Wisconsin. *Id.* The only difference between Dearing's '497 case and this case is that this lawsuit does not include as defendants the editors-in-chief of two news outlets. The omission of those two defendants does not cure the diversity jurisdiction problem, and the court's prior conclusion as to subject matter jurisdiction "bar[s] the invocation of [this] court's subject-matter jurisdiction in a second lawsuit based on the same facts." *See Reed v. Columbia St. Mary's Hosp.*, 782 F.3d 331, 335 (7th Cir. 2015) (citations omitted). Therefore, I will dismiss this case without prejudice as precluded.

This is Dearing's second lawsuit against the same Columbia prison officials for the events related to the 2020 escape. I will summarily dismiss any future cases Dearing files against the same officials regarding those events.

ORDER

IT IS ORDERED that:

1. The case is DISMISSED without prejudice as precluded by *Dearing v. 15 News*, No. 20-cv-497-wmc (W.D. Wis. filed May 29, 2020).

2. Plaintiff's motion for summary judgment, Dkt. 10, is DENIED as moot.

3. The clerk of court is directed to enter judgment and send plaintiff copies of this order and the judgment.

Entered April 28, 2023.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge